**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AZIENDE CHIMICHE RIUNITE ANGELINI FRANCESCO A.C.R.A.F. S.p.A.,<br><br>Plaintiff,<br><br>v.<br><br>OXFORD PHARMACEUTICALS, LLC,<br><br>Defendant. | Civil Action No. ____________ |

**COMPLAINT**

Plaintiff Aziende Chimiche Riunite Angelini Francesco A.C.R.A.F. S.p.A. ("Plaintiff" or "Angelini"), alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing, made by Oxford Pharmaceuticals, LLC ("Oxford"), of a supplemental Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, importation, offer for sale, or sale of a generic version of DESYREL® (trazodone hydrochloride) in tablet form in doses of 25 mg, 75 mg, and 100 mg, before the expiration of U.S. Patent No. 8,133,893 ("the '893 patent"). The '893 patent is listed in Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book").

2. DESYREL® is a selective serotonin reuptake inhibitor indicated for the treatment of major depressive disorder.

3. Oxford notified Plaintiff, by letter dated July 15, 2026 ("Oxford Notice Letter") that it had submitted to the FDA a supplemental ANDA No. 072193 ("Oxford's ANDA"), seeking approval from the FDA to engage in commercial manufacture, use, importation, offer for sale, or

sale of its generic Trazodone Hydrochloride tablets, 25 mg, 75 mg, and 100 mg ("Oxford's ANDA Product") prior to the expiration of the '893 patent.

4. Oxford's Notice Letter was delivered to counsel for Plaintiff on July 16, 2026.

5. Upon information and belief, Oxford's ANDA Product is a drug product that is a generic version of DESYREL®, which Oxford claims is bioequivalent to DESYREL®.

6. Upon information and belief, Oxford submitted its supplemental ANDA to the FDA containing a recertification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii) asserting that the '893 patent is invalid or will not be infringed by the manufacture, use, or sale of Oxford's ANDA Product.

**PARTIES**

7. Angelini is a company organized under the laws of Italy with its principal place of business at Viale Amelia 70, Rome 00181 Italy. Angelini is the assignee of the '893 patent.

8. Angelini's subsidiary, Angelini Pharma, Inc., is a Delaware corporation, operating and existing under the laws of Delaware, with a principal place of business in Georgia.

9. Angelini is a leader in healthcare, with a significant focus on researching and developing pharmaceuticals to treat nervous system diseases and disorders, mental health, pain and inflammation, and rare diseases.

10. Upon information and belief, defendant Oxford is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 301 Leaf Lake Parkway, Birmingham, Alabama 35211. Upon information and belief, Oxford is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

## JURISDICTION

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper in this district pursuant to at least 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

12. This Court has personal jurisdiction over Oxford. Oxford is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Oxford maintains continuous and systematic contacts with Delaware, including at least the following: Oxford is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, Oxford develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

13. Upon information and belief, this Court also has personal jurisdiction over Oxford based on its generic drugs business activities. Oxford "has taken the costly, significant step of applying to the FDA for approval to engage in future activities – including the marketing of its generic drugs – that will be purposefully directed at," on information and belief, the District of Delaware and elsewhere. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016). Upon information and belief, Oxford's "ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs." *Id.* at 760.

Upon information and belief, Oxford "intends to direct sales of its drugs into Delaware, among other places, once it has the requested FDA approval to market them." *Id.* at 758. Upon information and belief, Oxford will engage in marketing of its proposed ANDA products in Delaware upon approval of its supplemental ANDA.

14. Upon information and belief, Oxford intends that upon approval of Oxford's supplemental ANDA, Oxford will manufacture Oxford's ANDA Product and will directly or indirectly market, sell, and distribute Oxford's ANDA Product throughout the United States, including in Delaware.

15. Upon information and belief, Oxford, with knowledge of the Hatch-Waxman Act process, directed the Oxford Notice Letter to, *inter alia*, Plaintiff, and alleged in the Oxford Notice Letter that the '893 patent is invalid and/or will not be infringed by the commercial manufacture, use, or sale of Oxford's ANDA Product. Upon information and belief, Oxford knowingly and deliberately challenged the '893 patent knowing that when it did so that it was triggering a forty-five-day period for Plaintiff to bring an action for patent infringement under the Hatch-Waxman Act.

16. Upon information and belief, if Oxford's supplemental ANDA is approved, Oxford will directly or indirectly manufacture, market, sell, and/or distribute Oxford's ANDA Product within the United States, including in Delaware, consistent with Oxford's practices for the marketing and distribution of other generic pharmaceutical products. For example, Oxford's website (https://oxford-rx.com/our-story/) cites it's "national purpose," that "the medicines Americans depend on should be made in America," and touts that its "products reach hospitals and healthcare systems across the nation quickly and securely."

17. Upon information and belief, Oxford's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies in Delaware, and used by patients in Delaware. Upon information and belief, each of these activities would have a substantial effect within Delaware and would constitute infringement of the '893 patent in the event that Oxford's supplemental ANDA is approved before the patent expires.

18. Oxford has filed numerous ANDAs, with 78 entries for various products listed on the Orange Book ("Oxford Approved Drug Products") and has received approval for the manufacture and sale of these drugs within the United States, including within Delaware.

19. Upon information and belief, Oxford derives substantial revenue from the Oxford Approved Drug Products that are used and/or consumed within Delaware, and which are manufactured by Oxford and/or for which Oxford is the named applicant on approved ANDAs.

20. For the foregoing reasons, this Court has personal jurisdiction over Oxford.

## VENUE

21. Venue is proper in this district for Oxford pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE '893 PATENT

22. The inventors named on the '893 patent are Marcello Marchetti, Tommaso Iacoangeli, Giovanni Battista Ciottoli and Giuseppe Biondi (collectively, "the Named Inventors").

23. The '893 patent, entitled "Trazodone and Trazodone Hydrochloride in Purified Form," was duly and legally issued on March 13, 2012, to Angelini as assignee of the Named Inventors. A copy of the '893 patent is attached as **EXHIBIT A**.

24. The ’893 patent claims, *inter alia*, trazodone or trazodone hydrochloride comprising less than 15 parts per million of alkylating substances, a pharmaceutical composition of trazodone hydrochloride, and a process of production of trazodone or trazodone hydrochloride.

25. Angelini is assignee of the ’893 patent and has the right to enforce the ’893 patent.

26. DESYREL®, and methods of producing DESYREL®, are covered by one or more claims of the ’893 patent.

27. The ’893 patent has been listed in connection with DESYREL® in the FDA’s publication, Approved Drug Products with Therapeutic Equivalence Evaluations, which is referred to as the “Orange Book.”

28. Plaintiff will be substantially and irreparably damaged by infringement of the ’893 patent because Angelini is the exclusive supplier of the active pharmaceutical ingredient in DESYREL®.

**<u>COUNT I – OXFORD’S INFRINGEMENT OF THE ’893 PATENT</u>**

29. Plaintiff incorporates each of the preceding paragraphs 1–28 as if fully set forth herein.

**I. <u>Direct Infringement</u>**

30. In the Oxford Notice Letter, Oxford notified Plaintiff that it had submitted Oxford’s supplemental ANDA to the FDA. The purpose of the submission of the supplemental ANDA was to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Oxford’s ANDA Product in the United States prior to the expiration ofthe patent-in-suit.

31. In its Notice Letter, Oxford also notified Plaintiff that, as part of its supplemental ANDA, Oxford had filed a recertification of the type described in the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii), with respect to the ’893 patent.

32. Upon information and belief, Oxford's supplemental ANDA is an application for a drug claimed in one or more claims of the '893 patent, including at least claim 1.

33. Upon information and belief, Oxford has knowledge of the '893 patent.

34. Upon information and belief, Oxford's submission of its supplemental ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Product in the United States before the expiration of the '893 patent was an act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A).

35. Upon information and belief, Oxford will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of its ANDA Product in the United States immediately and imminently upon approval of its supplemental ANDA.

36. Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Oxford's ANDA Product in the United States would infringe one or more claims of the '893 patent, including at least claim 1.

37. Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Oxford's ANDA Product in the United States in accordance with, and as directed by Oxford's proposed product labeling would infringe one or more claims of the '893 patent, including at least claim 1.

**II. <u>Indirect Infringement: Contributory Infringement</u>**

38. Upon information and belief, for at least the following reasons, Oxford plans and intends to, and will, actively indirectly infringe the '893 patent when its supplemental ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

39. Upon information and belief, Oxford knows that Oxford's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '893 patent, that

Oxford's ANDA Product is not a staple article or commodity of commerce, and that Oxford's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Oxford plans and intends to, and will, contribute to infringement of the '893 patent immediately and imminently upon approval of Oxford's supplemental ANDA.

40. Notwithstanding Oxford's knowledge of the claims of the '893 patent, upon information and belief, Oxford has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Oxford's ANDA Product with its product labeling upon FDA approval of Oxford's supplemental ANDA and prior to the expiration of the '893 patent. Upon information and belief, Oxford plans and intends to, and will, contribute to infringement of the '893 patent immediately and imminently upon approval of Oxford's supplemental ANDA.

**III. <u>Indirect Infringement: Inducement of Infringement</u>**

41. Upon information and belief, Oxford knows that Oxford's ANDA Product will induce the direct infringement of the '893 patent by a number of direct infringers, including, but not limited to Oxford's customers, distributors, affiliates, employees, and manufacturers. Upon information and belief, Oxford plans and intends to, and will, induce others to directly infringe the '893 patent immediately and imminently upon approval of Oxford's supplemental ANDA and expiration of any other Orange Book-listed patent or relevant exclusivity for the DESYREL® product.

42. Upon information and belief, notwithstanding Oxford's knowledge of the claims of the '893 patent, Oxford has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Oxford's ANDA Product in the United States with its product labeling upon FDA approval of Oxford's supplemental ANDA and prior to the expiration of the '893 patent, with the knowledge that such activities will induce direct infringement of the '893 patent by others.

43. Upon information and belief, the foregoing actions by Oxford, with Oxford's knowledge detailed above, constitute and/or will constitute infringement of the '893 patent; active inducement of infringement of the '893 patent; and/or contribution to the infringement by others of the '893 patent.

44. Upon information and belief, Oxford has acted with full knowledge of the '893 patent and without a reasonable basis for believing that it would not be liable for infringement of the '893 patent; active inducement of infringement of the '893 patent; and/or contribution to the infringement by others of the '893 patent.

45. Unless Oxford is enjoined from infringing the '893 patent, actively inducing infringement of the '893 patent, and contributing to the infringement by others of the '893 patent, Plaintiff will suffer irreparable injury because Plaintiff is the exclusive supplier of the active pharmaceutical ingredient covered by the '893 patent. Plaintiff has no adequate remedy at law.

**COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT BY OXFORD OF THE '893 PATENT**

46. Plaintiff incorporates paragraphs 1–45 as if fully set forth herein.

47. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiff on the one hand and Oxford on the other regarding Oxford's infringement, active inducement of infringement, and contribution to the infringement by others ofthe '893 patent.

48. The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Oxford's ANDA Product, or any other drug product which is covered by, or use of which is covered by one or more claims of the '893 patent, will infringe, induce the infringement of, or contribute to the infringement by others of, that patent.

49. Plaintiff will be irreparably harmed by the sale of Oxford's ANDA Product because Plaintiff is the exclusive supplier to third parties that sell or plan to sell pharmaceutical drugs containing of the active pharmaceutical ingredient covered by the '893 patent.

WHEREFORE, Plaintiff requests the following relief:

(a) A judgment that each claim of the '893 patent has been infringed under 35 U.S.C. § 271(e)(2) by Oxford's submission to the FDA of Oxford's supplemental ANDA;

(b) A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Oxford's ANDA Product, or any other drug product that infringes or the use of which infringes one or more claims of the '893 patent, be not earlier than the latest of the expiration dates of the '893 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Oxford, and all persons acting in concert with Oxford, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Oxford's ANDA Product, or any other drug product covered by or whose use is covered by one or more of the claims of the '893 patent, prior to the expiration of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Oxford's ANDA Product, or any other drug product which is covered by or whose use is covered by one or more of the claims of the '893 patent, prior to its expiration, will infringe, induce the infringement of, and contribute to the infringement by others of, the '893 patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) Costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

DATED: August 28, 2026

*Of Counsel:*

Peter G. Pappas
Anna C. Halsey
**EVERSHEDS SUTHERLAND (US) LLP**
600 Peachtree Street, NE Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
petepappas@eversheds-sutherland.us
annahalsey@eversheds-sutherland.us

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff,*
*AZIENDE CHIMICHE RIUNITE ANGELINI FRANCESCO A.C.R.A.F. S.p.A.*